In re the Petition for DISCIPLINARY ACTION AGAINST Stewart R. PERRY, an Attorney at Law of the State of Minnesota.

No. C4–93–1653.

Supreme Court of Minnesota.

Sept. 17, 1993.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleging that the respondent Stewart R. Perry had committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent failed to properly account to a client for funds respondent withheld from the client's various settlements; borrowed money from a client without advising the client to seek independent counsel regarding the loan and without obtaining the client's written consent to the loan; failed to maintain required trust account books and records; failed to regularly balance and reconcile his trust account; commingled earned fees with client funds by failing to withdraw fees when they were earned; and falsely certified on his annual attorney registration statements that he maintained the required books and records.

Along with the petition, the Director filed the parties' stipulation for discipline. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and unsupervised probation for a period of 2 years. Respondent further agreed to the imposition

and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Stewart R. Perry, hereby is publicly reprimanded and placed on unsupervised probation for a period of 2 years, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the conditions of respondent's probation shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and shall respond promptly to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Amended Opinion No. 9. By the first day of each quarter, or such other interval as the Director may designate, respondent shall make all books and records pertaining to his office and trust accounts available to the Director's Office for review.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.